I do not agree, therefore, with the views expressed by the majority of the court; thinking, as I do, that the judgment should be affirmed, with costs.

LAUGHLIN, J., concurs.

---

### HANLY v. HANLY et al.

(Supreme Court, Appellate Division, Third Department.    May 3, 1905.)

1. WILLS—CONTRACTS TO BEQUEATH PROPERTY—ESSENTIALS.

A parol agreement by a decedent to leave all his property to plaintiff must have all the essentials of a contract, be fair and equitable, definite and certain in its terms, and must be clearly established by the testimony of disinterested witnesses.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 164.]

2. SAME—SUFFICIENCY OF CONTRACT.

An agreement to treat a child as a person would treat his own child confers upon the child no right whatever to the property of the person making the same.

3. SAME—BURDEN OF PROOF.

One who seeks to establish a right to the property of a decedent under a contract by the decedent to leave him such property has the burden of establishing such agreement.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 165.]

Appeal from Special Term.

Action by Jessie E. Hanly, an infant, by guardian ad litem, against James Hanly and others. From a judgment dismissing the complaint upon the merits, plaintiff appeals. Affirmed.

The following is the opinion of Lyon, J., at Special Term:

The law applicable to a case of this nature must be deemed settled. Proof of a parol agreement that the decedent promised to leave all his property to the plaintiff must furnish all the essentials of a contract, be fair and equitable, and the terms thereof definite and certain, and the agreement must be clearly established by the testimony of disinterested witnesses. Pattat v. Pattat, 93 App. Div. 102, 87 N. Y. Supp. 140; Hamlin v. Stevens, 177 N. Y. 39, 69 N. E. 118; Gall v. Gall, 64 Hun, 600, 19 N. Y. Supp. 332; affirmed 138 N. Y. 675, 34 N. E. 515.

Judged by this standard, the proofs in the case at bar cannot be said to come up to the requirements of the law. The only testimony as to the making of the agreement is that of Julia A. Hanly, the widow of Samuel L. Hanly, an aunt of the plaintiff's mother, and Smith Soule, the father of the plaintiff. Both are interested witnesses. Each is bound to the plaintiff by close ties of relationship and affection. In the event of success, the former expects to receive the life use of the real and personal property of the estate. The latter is the heir at law of the infant plaintiff. The testimony of these two interested witnesses as to the making of the alleged contract is uncorroborated. Concededly, if made, it was wholly verbal. Although nearly 18 years passed from the time of taking the 6 weeks' old plaintiff to the house of Samuel L. Hanly, and the making of the alleged agreement, not a relative, neighbor, or other witness is produced to whom the decedent stated, or even intimated, the existence of any such agreement. No writing of any character confirms the claims of the plaintiff. The deceased did not see fit, by legal adoption or by will, to make the plaintiff his heir or legatee.

As bearing upon the probability of the making of such agreement, it is apparent from a careful reading of the testimony that each of the two witnesses is giving no more than what he or she claims to be the substance of the

talk had at the house of the decedent 18 years ago, as he or she now recalls it. The evidence upon the part of the plaintiff shows that the promise of Samuel Hanly to take the child in the event of the death of the mother was made first to the mother, who apprehended death, about three weeks before the birth of the plaintiff, in the presence of and with the acquiescence of the father; and that at the time of the funeral, in February, 1885, three days after the birth of the plaintiff, the father told Samuel Hanly that the baby was not quite old enough, but that when the weather got suitable he would take her over to the Hanlys. In the latter part of the following month, when the plaintiff was about six weeks old, the father took the plaintiff to the Hanlys, in accordance, as he testifies, with these talks which had previously been had. In neither of these two talks no promise that Hanly would give the child his property had been asked or made, and the defendants claim that these two conversations show that the father intended to give the child to Hanly, and Hanly intended to receive it, without any agreement to give it any property whatever, and hence that it is very improbable that the alleged agreement was made after the child had been in fact taken to Hanly's.

The defendants also claim to be improbable the making of an agreement by Hanly, with the acquiescence of his wife, to transfer all his real and personal property upon his death, which might occur within a few weeks or months, to a then infant. not of his own blood, whose future could not be foretold, and to the exclusion of his wife, except simply as to her dower rights; and the defendants contend that the only agreement Hanly and his wife would have consented to make was to leave the child whatever property might be left after he and his wife were both through with it, or, as Mrs. Hanly testifies that her husband said to the mother, "to take the child as our own child." But an agreement to treat a child as a person would treat his own child confers upon the child no right whatever to the property of the father. While the court recognizes the harsh effect of a decree which would dismiss the complaint herein upon the merits, yet the law which would allow the plaintiff to recover upon the uncorroborated testimony of interested witnesses would in many cases disinherit rightful heirs and do endless injustice.

As to the plaintiff, the defendants say that she has already received more than 18 years of support and affectionate care, and that she has nothing of which to complain even if the decision should be adverse to her. However that may be, the burden of establishing the right of the plaintiff to the property of Samuel L. Hanly is upon the plaintiff, and under the rules of law above cited, requiring the plaintiff to clearly establish a definite and certain contract by the testimony of disinterested witnesses, it must be held that the plaintiff has not established such contract. The court has not lost sight of the testimony as to the affectionate relations which existed between the plaintiff and Samuel L. Hanly, but such relations were entirely consistent with the absence of the alleged agreement. Neither has the court failed to consider in all its aspects the case of Winne v. Winne, 166 N. Y. 263, 59 N. E. 832, 82 Am. St. Rep. 647. However, an examination of the record in that case shows that the court expressly found that the agreement relied upon was in fact made, and was in writing, signed by a parent of the infant and by the persons receiving the child. It is certainly unfortunate, if such agreement was in fact made, that it was not put into writing, or, at least, confided to disinterested witnesses. This duty rested upon the adults concerned in the transaction, and the result of their failure cannot be laid at the door of the law. It is even more unfortunate that proper provision was not made for the widow, Julia Hanly, although her statutory rights in the property of her husband are the same whether the plaintiff or the defendant succeed. However, the court cannot make a will for Samuel L. Hanly.

The court properly has a discretion as to the awarding of costs, and, while the plaintiff is defeated upon the merits, yet the court believes it is not an abuse of discretion, under the circumstances, to decline to award costs against the plaintiff.

The complaint must be dismissed upon the merits, without costs.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

93 N.Y.S.—55

Reynolds, Stanchfield & Collin, for appellant.
O. P. Hurd, C. M. Woodward, and Owen Cassidy, for appellees.

PER CURIAM. Judgment unanimously affirmed, with costs, on the opinion of LYON, J., at Special Term.

---

## In re BURBANK.

(Supreme Court, Appellate Division, First Department. May 12, 1905.)

**1. WILLS—WITNESSES—SIGNATURE OF WITNESS.**

On an issue as to the execution of an alleged lost will, the fact that a witness thereto, whose signature was proved, signed after the name of the other witness, did not prove the signature of the other.

**2. SAME—PROVING SIGNATURE—COMPARISON OF WRITING.**

On an issue as to the execution of an alleged lost will, a witness testified that she saw the will about 14 years before, and that a certain name appeared on it as that of a witness, and testified that it was the signature of such witness, in her opinion, which was based on the fact that after the commencement of the litigation she had examined certain signatures of such witness. *Held*, that the evidence was incompetent.

**3. WILLS—REVOCATION—EVIDENCE—SUBSEQUENT DECLARATIONS OF TESTATOR.**

2 Rev. St. 1829, p. 64, c. 6, tit. 1, art. 3, § 42, declares that no will shall be revoked, except by a writing by testator executed with the same formalities with which a will itself was required to be executed, or unless the will be burnt, etc. *Held* that, on an issue as to whether a will had been revoked by a subsequent lost or destroyed will, declarations of testator subsequent to the making of the wills were inadmissible.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 690–696.]

**4. WILLS—CONTEST—WITNESSES—INCAPACITY OF WITNESS—ADJOURNMENT.**

Where, on a will contest, the trial had commenced, it was not error for the surrogate to refuse to postpone the closing of the trial until a person who was then insane could recover sufficiently to be a witness; it appearing that it would certainly be months before such person would be in a condition to testify, and that he might never be in such condition.

Hatch, J., dissenting.

Appeal from Surrogate's Court, New York County.

Judicial proceedings on the probate of the will of Ambrose B. Burbank, deceased. From a judgment admitting a paper purporting to be the will of deceased to probate, the contestants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

James W. Osborne, for appellants Duvernois and others.

Hampton D. Ewing, special guardian for Alberta Ellis and others.

Lewis L. Delafield, for respondents.

VAN BRUNT, P. J. There is no claim made upon this appeal but that the will which was admitted to probate was duly executed, so as to entitle it to probate, and that the testator at the time of its execution was of sound mind, and that there was no evidence of undue influence. It is urged, however, that there was competent